UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    vs.<br><br>JAMES ANTHONY STINSON,<br><br>              Defendant.<br>_____ | No. CR-12-0040-JLQ<br><br>MEMORANDUM RE: SENTENCING ISSUES |

On November 5, 2012, counsel for the Defendant filed pleadings concerning the draft Presentence Report including, specifically, challenges to the 4 level sentencing Offense Level enhancement pursuant to U.S.S.G. 2K2.1(b)(6)(B). Counsel for the Defendant addressed that issue and cited cases allegedly supporting his position.

On November 7, 2012, the Government filed its Sentencing Memorandum which failed to address the sentencing enhancement issued raised by the Defendant. Because of the imminency of the scheduled sentencing hearing on November 13, 2012, the Government's failure has required the undersigned to personally set aside other pressing matters in this and other districts, and perform research which apparently has not, as yet, been done by the Government.

U.S.S.G. 2K2.1(b)(6)(B) provides in part that:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; . . . increase by **4** levels. If the resulting offense level is less than level **18**, increase to level **18**.

"Another felony offense" is defined in the Application Notes to 2K2.1 as "any federal, state, or local offense, other than the explosive or firearms trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a

ORDER - 1

formal criminal charge was brought, or a conviction obtained."

Reserving the issue of whether the Defendant Stinson intended to distribute to another the drugs he admittedly possessed on the date of his arrest, under the laws of the state of Washington, unlawful possession of controlled substances such as those found on the Defendant, constitutes a felony. RCW 69.50.4013. It has been determined in other federal courts that where a defendant is arrested for possession of drugs constituting a felony under state law, that felony possession alone is a predicate for the sentencing enhancement, assuming the "in connection" element is also established. See *U.S. v. Regans*, 125 F. 3d 685 (8th Cir. 1997); *U. S. v. Timbers,* 232 Fed. Appx. 820 (10th Cir. 2007; and *U.S. v. Swanson*, 610 F. 3d 1005 (8th Cir. 2010).

It is the court's recollection, refreshed by reviewing the stipulated facts in the Plea Agreement, that various controlled substances were found in the Defendant's car and in his possession at the time of his arrest. Also found was a scale and the firearm. The Defendant relies upon *Bailey v. United States*, 516 U. S. 137 (1996), where the issue was whether the evidence established that the Defendant "used" a firearm during a drug trafficking crime. Not discussed was the subsequent case of *Muscarello v. United States,* 524 U. S. 125 (1998) in which the Supreme Court held that the element of "carrying" a firearm during a drug trafficking crime was established by evidence that a firearm was found in a locked glove compartment. The court also notes that the case of *U.S. v. Polanco*, 93 F. 3d 555 (9th Cir. 1996), cited by the Defendant herein, found that a firearm in a vehicle utilized for drug sales was sufficient to establish the possession of a firearm during drug trafficking crimes for 2K2.1(b)(6)(B) purposes, even though the finding of the trial court that the firearm was "used" was not established.

This Memorandum is intended to focus the attention of counsel on the sentencing enhancement issue that will be before the court on November 13, 2012 and, hopefully, cause counsel to be prepared for the questions of the court on that matter and to perform the research necessary to address that issue.

ORDER - 2

The Clerk shall enter this Memorandum and furnish copies to counsel.

Dated this 8th day of November, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3